## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————     :
DAVID PEPE WILSON,                                         :          CIVIL ACTION
                                      Petitioner,          :
                                                           :
            v.                                             :          NO. 11-7345
                                                           :
KENNETH R. CAMERON, et al.,                                :
                                      Respondents.         :
———————————————————————     :

**Henry S. Perkin, M.J.**                                  **August 31, 2012**

### REPORT AND RECOMMENDATION

   Presently before the Court is a Petition for Writ of Habeas Corpus filed by the

Petitioner, David Pepe Wilson ("Petitioner"), pursuant to 28 U.S.C. section 2254.  Petitioner is

currently incarcerated in the State Correctional Institution in Cresson, Pennsylvania.  For the

reasons that follow, it is recommended that the Petition should be denied with prejudice and

dismissed without an evidentiary hearing.

## I.  **PROCEDURAL HISTORY**.[1]

   On April 13, 1999, following a jury trial before the Honorable Renee Cardwell

Hughes in the Court of Common Pleas of Philadelphia County, Petitioner was found guilty of

rape, involuntary deviate sexual intercourse, robbery, aggravated assault, possessing an

instrument of crime and terroristic threats.   On April 15, 1999, Judge Hughes sentenced

Petitioner to a term of fifty-five (55) to one hundred and ten (110) years in prison, to be served

consecutively to any time that Petitioner was then serving for a prior rape conviction.

---

[1]   This information is taken from the Petition for Writ of Habeas Corpus and memorandum in
support thereof, the Response thereto, and the attachments to those pleadings.  In addition, this Court ordered and
reviewed the state court record pertaining to this matter.  The information contained in the state court record has
been considered and incorporated into this Report and Recommendation.

Petitioner appealed to the Pennsylvania Superior Court, and his sole issue on appeal was a challenge to the discretionary aspects of his sentence.  Commonwealth v. Wilson, 778 A.2d 1246 (Pa. Super. 1999) (table) (No. 1412 EDA 1999); Resp., Ex. C, p. 4.  In an unpublished  memorandum opinion filed May 15, 2001, the Superior Court affirmed the PCRA court's dismissal of the PCRA petition, concluding that petitioner waived the opportunity to present this challenge because he did not file a post-sentence motion requesting reconsideration or modification of his sentence.  The court further held that even if the issue was not waived, it would find that the sentencing court did not abuse its discretion, agreeing that there was sufficient information in the record to enable meaningful exercise of sentencing authority and the sentencing court's finding was explained on the record.  Id.  On November 8, 2001, the Pennsylvania Supreme Court denied the petition for allowance of appeal.

On November 1, 2002, Petitioner filed a pro se petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA").[2]  See 42 Pa. C.S.A. § 9541, et seq.  Paul M.

---

[2]      Petitioner raised the following claims in this petition:

I.      Whether defense counsel was ineffective when he failed to illiciate [sic] the ABO type on the blood and semen stains that was found on the victim's clothes and whether it matched the defendant?

II.     Whether defense counsel was ineffective when he failed to have a DNA test done on the defendant, so comparisons could be done on the blood and semen found on the victim's clothing and bodily cavity swabs?

III.    Whether defense counsel failed to question the victim on all the inconsistancies [sic] of prior testimony?

IV.     Whether defense counsel was ineffective in conceding that the defendant and the victim had consensual sex acts the night of the alleged crimes took place?

V.      Whether defense counsel was ineffective in following-up why the victim was laughing during cross-examination?

VI.     Whether defense counsel was ineffective when he failed to secure his witnesses for trial?

George, Esquire, was appointed and filed an amended PCRA petition, raising four claims, one of

which related to trial counsel's decision not to seek DNA testing.[3]  Resp., Ex. E, pp. 2-3.  The

PCRA court held two separate days of hearings, and on April 29, 2004, the PCRA court denied

the amended petition, except for the issue of DNA testing.  Resp., Exs. G, H, I.  The Superior

Court held the issue of DNA evidence under advisement for thirty (30) days to allow petitioner to

present additional evidence regarding his claim that other individuals were present during the

sexual encounter with the victim.  Petitioner submitted no additional evidence, and the PCRA

court denied the petition.  Resp., Ex. I.

        Petitioner appealed to the Pennsylvania Superior Court, raising three claims

including a claim that the PCRA court erroneously denied his claim of trial counsel

---

VII.      Whether the prosecutor made a prosecutorial misconduct remark on his closing
             summation?

VIII.    Whether the jury charge of rape was accurately given to the jurors by the courts?

Resp., Ex. D, pp. 9-10.

[3]      In the amended PCRA petition, counsel set forth the following claims:

1.  Trial counsel was ineffective because he failed to seek a court-ordered DNA test which would
have demonstrated that the semen detected on the complainant's person and clothing was not from
petitioner.

2.  Trial counsel was ineffective because he did not move for judgment of acquittal with respect to
the charge of aggravated assault, where the complainant's testimony, even if believed, did not
make out a prima facie case of aggravated assault.

3.  Appellate counsel was ineffective because he failed to raise, on appeal, the insufficiency of the
Commonwealth's evidence to make out the elements of aggravated assault, beyond a reasonable
doubt.

4.  Trial counsel was ineffective because he failed to investigate and to present witnesses whose
testimony would have corroborated petitioner's alibi defense.

Resp., Ex. E, pp. 2-3.

ineffectiveness for failure to seek DNA testing.  Resp., Exs. J, K.  On May 25, 2005, the Superior

Court affirmed the PCRA court's denial of the amended PCRA petition.  Resp., Ex. L.  On

October 6, 2005, the Pennsylvania Supreme Court denied the petition for allowance of appeal.

Commonwealth v. Wilson, 887 A.2d 1241(Pa. Super. 2005)(table)(No. 326 EAL 2005).

On December 1, 2005, Petitioner filed a second "Motion for Post Conviction

DNA Testing."  Id., Ex. N.  On January 26, 2006, Petitioner filed a second pro se PCRA petition.

Id., Ex. M.  As Respondents note, the claims in this petition were less defined but one primary

claim appears to be that trial counsel was ineffective for failing to seek DNA testing.  Id. at 4.

On April 25, 2006, the PCRA court denied the Motion for DNA testing, noting that the matter

had been litigated during the first PCRA proceedings.  Resp., Ex. O.  The PCRA court dismissed

the second PCRA petition as untimely on September 22, 2006.  Resp., Ex. P.

Petitioner appealed the dismissal of his second PCRA petition to the Pennsylvania

Superior Court, raising eleven claims, several of which relate to claims of counsel ineffectiveness

for failing to seek DNA testing.  Resp., Ex. Q.  Petitioner argued that the PCRA court erred in

finding that his PCRA petition was untimely because it was filed within one hundred and ten

(110) days of the dismissal of Petitioner's first PCRA petition.  Resp., Ex. Q, p. 48.  On January

22, 2008, the PCRA court dismissed the second motion for DNA testing.  Petitioner did not

appeal the dismissal of the motion for DNA testing.  The Superior Court, on July 21, 2008,

dismissed the PCRA appeal, affirming the PCRA court and specifically noting that the issue of

DNA testing was not before it.  Commonwealth v. Wilson, 959 A.2d 976 (2008)(table)(No. 3046

EDA 2006); Resp., Ex. R.  On February 4, 2009, the Pennsylvania Supreme Court denied the

petition for allowance of appeal.  Commonwealth v. Wilson, 964 A.2d 895 (Pa. 2009)(No. 522

4

EAL 2008).

On January 29, 2010, Petitioner filed a third "Motion for DNA Testing" which was denied by the PCRA court on February 5, 2010.  Petitioner appealed the denial of his Motion to the Pennsylvania Superior Court, which affirmed the denial of DNA testing on November 9, 2010.  Commonwealth v. Wilson, 22 A.3d 1065 (Pa. Super 2010)(No. 572 EDA 2010); Resp., Ex. T.  The court specifically held that Petitioner's claim for denial of DNA testing was estopped under the law of the case doctrine because it was the same claim that had been presented in several previous motions.  In the alternative, the court found that the claim suffered from the same deficiencies as in petitioner's prior motions, i.e., that the technology to test the DNA was available at the time of trial but was not requested and petitioner failed to set forth a prima facie case showing that DNA testing would establish innocence.  Resp., Ex. T.  The Pennsylvania Supreme Court denied the petition for allowance of appeal on July 11, 2011.  Commonwealth v. Wilson, 24 A.3d 363 (2011)(No. 24 EAL 2011).

Petitioner signed the instant pro se habeas Petition and the in forma pauperis form attached to the Petition on November 25, 2011.  On November 28, 2011 it was docketed by the Clerk of Court.  Pursuant to the prison mailbox rule, this Court will consider the date of filing as November 25, 2011.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997) (motion is deemed timely filed on date petitioner gave petition to prison officials to mail).  The case was assigned to the Honorable Berle M. Schiller, who referred it for preparation of a Report and Recommendation on December 22, 2011.  On December 23, 2011, the undersigned entered an Order directing that the Clerk of Quarter Sessions/Office of Judicial Support for the Court of Common Pleas of Philadelphia County forward copies of all records, including transcripts of

5

notes of testimony at arraignment, pre-trial and suppression hearings, trial, sentencing, and post-conviction hearings and appeals; all trial and appellate briefs and petitions, all pleadings, and all court opinions of proceedings in connection with this matter.  The state court record pertaining to Commonwealth v. David Pepe Wilson, Court of Common Pleas of Philadelphia County, CP-0910301-1998, was received in chambers of the undersigned on January 10, 2012.

On May 30, 2012, Respondents filed a Response to Petition for Writ of Habeas Corpus.  Respondents contend that the Petition is time-barred, and that the case should be dismissed with prejudice and without an evidentiary hearing.  Having reviewed the documents of record in this case, as well as the state court record, we offer this Report and Recommendation.

## II.   **DISCUSSION.**

### A.   **The Federal Habeas Corpus Petition at Issue is Statutorily Time-Barred.**

Petitioner's case must be decided pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which was enacted April 24, 1996.  Pub.L. 104-132, 110 Stat. 1214.  Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, requires that federal courts give greater deference to a state court's legal determinations.  The AEDPA also amended 28 U.S.C. section 2244, to require that a strict one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[4]  However, if direct review of a

---

[4]     28 U.S.C. section 2244 requires that:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

criminal conviction ended prior to the AEDPA's effective date, a prisoner has one year

subsequent to the April 24, 1996 effective date to properly file a habeas action.  Burns v. Morton,

134 F.3d 109, 111 (3d Cir. 1998).  In this case, the applicable starting point to examine the

limitation period is the latest date on which the judgment of sentence became final, either by the

conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C.

§ 2244(d)(1).

    Petitioner's judgment of sentence became final on February 6, 2002, ninety days

after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time

for seeking discretionary review with the United States Supreme Court expired.  See U.S.

Supreme Court Rule 13 (allowing ninety days to file a petition for writ of *certiorari*); Kapral v.

United States, 166 F.3d 565, 570-571 (3d Cir. 1999) (judgment of sentence becomes final at

conclusion of direct review or expiration of time for seeking such review).  Accordingly, the one-

year time limit for Petitioner to timely file a federal Petition for Writ of Habeas Corpus began on

February 7, 2002.  In the absence of any statutory or equitable tolling, Petitioner, therefore,

would have been required to file his federal habeas petition on or before February 7, 2003.  We

note, however, that because the AEDPA's one-year statute of limitations is subject to both

---

    (B) the date on which the impediment to filing an application created by state
action in violation of the Constitution or laws of the United States is removed, if
the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by
the Supreme Court, if the right has been newly recognized by the Supreme Court
and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

statutory and equitable tolling, we must examine whether the instant Petition may be considered timely filed under either concept.  28 U.S.C. § 2244(d)(enumerating statutory tolling provisions); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception).

      **B.**      **The Federal Habeas Corpus Petition at Issue is Not Eligible for Statutory or Equitable Tolling**.

      The AEDPA's one-year statute of limitations is subject to both statutory and equitable tolling.  28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception).

      1.  Statutory Tolling.

      Petitioner is not entitled to a new, extended deadline for the AEDPA's limitation period pursuant to 28 U.S.C. § 2244(d)(1).  First, Petitioner does not allege nor is there evidence to demonstrate that state action prevented the timely filing of his habeas action.  28 U.S.C. § 2244(d)(1)(B).  Second, the claims alleged in the Petition do not rely on a new rule of federal constitutional law of retroactive application.  28 U.S.C. § 2244(d)(1)©.  Finally, Petitioner has not made a showing that the factual predicate of his claims was not discoverable through the exercise of due diligence long ago.  28 U.S.C. § 2244(d)(1)(D).

      With respect to Petitioner's PCRA filing, we note that the limitations period will be statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending.  See 28 U.S.C. § 2244(d)(2).  However, if a PCRA petition is not timely filed, it is not considered properly filed in order to toll the AEDPA

one-year statutory time period.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Petitioner's first pro se PCRA petition was filed on November 1, 2002, during the running of the one-year habeas clock.  Because 268 days of the one-year time period had elapsed before the PCRA petition was filed, the clock was tolled with approximately 97 days remaining before expiration.  See Fed. R. Civ. P. 6(a)(1).  On October 7, 2005, the day after the petition for allowance of appeal was denied by the Pennsylvania Supreme Court, the one-year statutory period resumed, and it expired 97 days later on January 12, 2006.  Petitioner's other PCRA filings did not toll the statute of limitations because they were deemed untimely filed.  Pace v. Guglielmo, 125 S.Ct. 1807, 1814 (2005)("we hold that time limits, no matter their form, are 'filing conditions,' and so the pendency of the untimely PCRA is not a basis for statutory tolling.")  The present Petition was filed on November 28, 2011, nearly six years after the period of limitation expired.[5]  It is statutorily time-barred.

2.  Equitable Tolling

We must next examine whether the AEDPA statute of limitations should be equitably tolled to consider the Petition timely filed.  Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)(citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617-618 (3d Cir. 1998)(citation omitted).  The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitation period unfair.  Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

---

[5]    Respondents note that Petitioner does not argue that he is entitled to an alternate start date listed under section 2244(d)(1).  Resp., p. 8.

Courts must be sparing in their use of equitable tolling.  Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999).  In fact, the United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice."  United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)(citation omitted).  "The two general requirements for equitable tolling: (1) that 'the Petitioner has in some extraordinary way been prevented from asserting his or her rights;' and (2) that the petitioner has shown that 'he or she exercised reasonable diligence in investigating and bringing [the] claims.'"  Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003)(citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)).  Mere excusable neglect is not sufficient.  Miller, 145 F.3d at 618 (quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) and citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

The Third Circuit has set forth the following three circumstances in which equitable tolling is permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 534 U.S. 944 (2001)(citing Jones, 195 F.3d at 159 (citations omitted)).  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  Fahy, 240 F.3d at 244.  The habeas petitioner bears the burden of demonstrating both his entitlement to equitable tolling and his due diligence.  Pace, 544 U.S. at 418; Cooper v. Price, 82 Fed.Appx. 258, 260 (3d Cir. 2003); Brown v. Cuyler, 669 F.2d 155, 158

10

(3d Cir. 1982); United States v. Soto, 159 F. Supp.2d 39, 45 (E.D. Pa. 2001)(Van Antwerpen, J.).

      In this case, Petitioner has not acknowledged that the Petition is untimely filed and has made no argument for tolling of any kind.  Thus, he has failed to allege that some extraordinary circumstance prevented him from asserting his rights in a timely habeas corpus petition and has failed to demonstrate that he exercised reasonable diligence in investigating and bringing his claims.  Merritt, 326 F.3d at 168.  In fact, Petitioner filed his first federal habeas corpus petition nearly six years after his conviction became final.  In determining whether extraordinary circumstances exist to warrant the application of equitable tolling, this Court must also examine Petitioner's due diligence in pursuing the matter under the specific circumstances he faced.  Traub v. Folio, No. 04-386, 2004 WL 2252115, at *2 (E.D. Pa. Oct. 5, 2004) (citing Schleuter v. Varner, 384 F.3d 69 (3d Cir. 2004))(affirming dismissal of habeas petition as time barred and not entitled to equitable tolling because lengthy periods of time had elapsed following his conviction before he sought relief).  It is Petitioner's burden to show that he acted with reasonable diligence and that extraordinary circumstances caused his petition to be untimely.  Id.

      Under the circumstances of this case, Petitioner did not act in a reasonably diligent fashion because a reasonably diligent petitioner would have acted promptly to preserve his rights not only in the state court, but also in *this* Court.  Petitioner fails to allege any steps that he took to timely file the instant federal habeas petition.

      Petitioner alleges that he is "actually innocent."  Respondents correctly note that neither the United States Supreme Court nor the Third Circuit has addressed whether there is an "actual innocence" exception to the time-bar.  Resp., p. 11 (citing Scott v. Lavan, 190 Fed.Appx. 196 (3d Cir. 2006)(not precedential)(court declined to rule on the issue).  In Schlup v. Delo, 513

U.S. 298, 321-24 (1995), the United States Supreme Court held that in order to establish actual innocence to justify relief that would otherwise be time-barred, a petitioner must present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial" showing "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Id. at 324, 327.

   Petitioner knew about the DNA evidence at the time of his trial because he has been making the same arguments about counsel's ineffectiveness since his first PCRA petition in 2004, when he argued, as he does in the instant Petition, that the DNA evidence on the victim's jeans needed to be tested to exclude him because such evidence could "dramatically alter the case." Resp., Ex. D, pp. 9-10.  As Respondents point out, Petitioner had almost 100 days to file a timely habeas petition when he made this argument to the PCRA court.  The PCRA court held the DNA testing issue under advisement for thirty days to allow petitioner to produce additional evidence, specifically the names of tenants who allegedly were present during the sexual encounter, affidavits from same and proof that trial counsel was told of the existence of such witnesses. Resp., Ex. I, p. 3, n.1.  No additional evidence of any form was provided to the PCRA court.  Id.  The PCRA court held that:

> The appellant testified that he engaged in consensual, unprotected anal sex with Ms. Richardson,.  (N.T. 4/13/99, p. 21-24).  He does not dispute that his seminal fluid would be present on the victim and her clothes.  Id.  Based on these facts, trial counsel did not have a reason to file a motion requesting a DNA test as such testing would not have exculpated the appellant.  Indeed, the presence of semen was not dispositive of any of the issues presented at trial.  Trial counsel is not required to file motions which are not supported by the evidence and trial counsel was not

12

> ineffective for failing to request DNA testing which would not
> have advanced appellant's case. *Commonwealth v. Harris*, 852
> A.2d 1168 (Pa. 2004).
>
>    Furthermore, although afforded the opportunity to present
> relevant evidence of the existence of other perpetrators and trial
> counsel's knowledge of such persons, appellant did not provide
> any evidence to support these claims to the PCRA court. Bald
> assertions simply do not demonstrate that the appellant would have
> been exonerated by DNA evidence, thus, the PCRA court did not
> err when it denied appellant's request. *See Godschalk, supra***,** at
> 1297 and *Baez, supra.* at 735.

Id. at 3-4. If Petitioner had filed a federal habeas petition at the conclusion of those PCRA

proceedings, it would have been timely filed. Instead, Petitioner waited three months and on

January 27, 2006, which was fifteen days after the one year habeas statute of limitations expired,

he filed an untimely PCRA petition raising variations on the argument that it was error not to test

the DNA on the victim's jeans. Petitioner did not file a protective habeas petition, and litigated

the untimely PCRA petition which concluded on February 4, 2009. Petitioner again did not file a

federal habeas petition. Instead, he filed a motion for post conviction DNA testing almost a full

year later. The litigation related to this filing concluded on July 11, 2011. Petitioner waited

more than four months to file the instant federal habeas Petition on November 28, 2011.

None of the circumstances which warrant equitable tolling apply in this case to render the instant

Petition timely because Petitioner did not act promptly to preserve his rights in *this* Court. Fahy,

240 F.3d at 244. Accordingly, the Petition is time-barred.

### C.        Certificate of Appealability.

When a district court denies a habeas petition on procedural grounds without

reaching the underlying constitutional claims, a certificate of appealability should issue only if

(1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable

jurists would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree

that the instant Petition is time-barred.  It is statutorily barred, and neither statutory nor equitable

tolling apply to this Petition.

For all of the above reasons, I make the following:

## RECOMMENDATION

AND NOW, this          day of August, 2012, IT IS RESPECTFULLY

RECOMMENDED that the instant Petition for Writ of Habeas Corpus filed pursuant to 28

U.S.C. § 2254 (Dkt. No. 1) should be DENIED with prejudice and DISMISSED without an

evidentiary hearing.  There is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation.  See Local

Civ. R. 72.1.  Failure to timely file objections may constitute a waiver of any appellate rights.

BY THE COURT:

_/s/ Henry S. Perkin_
HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE

14